IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HUMBOLDT HEALTH CARE, LLC,            Case No. 1:22-cv-00186-CL
*a California Limited Liability Company,*

         Plaintiff,

    v.

                                                                                                      **OPINION AND ORDER**

FOUR GOOD NEIGHBORS, LLC, *an*
*Oregon Limited Liability Company,*

         Defendant.

___

CLARKE, Magistrate Judge.

Plaintiff Humboldt Health Care, LLC, ("Humboldt") brings this cause of action against the defendant Four Good Neighbors, LLC, ("4GN"), alleging breach of a loan agreement between the parties. Defendant 4GN moves to stay the case pending a broader, more complex litigation action in California state court. For the reasons below, the motion (#13) is DENIED.

**BACKGROUND**

Humboldt brings this action for breach of contract against 4GN, alleging that 4GN breached its obligations under a written promissory note it entered with Humboldt on January 1,

2020 (the "Note"). 4GN allegedly failed to pay the amounts due pursuant to the terms of the Note, i.e., $1,000,000 in monthly payments to Humboldt of $30,000, together with interest calculated on an annual basis at 15 percent from January 1, 2020, through December 31, 2021.

On May 27, 2020, a group of plaintiffs: (1) Ya-Ya Holdings, LLC, (2) MLM Mafia of Nevada, Inc., (3) Power Direct Marketing, Inc., (4) Jason Caramanis, as trustee of the Ya-Ya Legacy Trust, and (5) Platinum Brands, Inc. (collectively the "Ya-Ya Plaintiffs"), filed a complaint in the Superior Court for the State of California, County of Los Angeles, against Humboldt, 4GN, and six other parties (individuals, Patrick Murphy, Kevin Walsh, and Ryan McIntosh and entities, Emerald Family Farms, LLC, and Emerald Family, LLC) (collectively, the "Emeralds"). *See* Def. Mot. Ex. 2 (#13-1). The state court action is captioned *Ya-Ya Holdings, LLC, et al. v. Patrick Murphy, et al.*, Case No. 20STCV20087 ("*Ya-Ya Holdings*").

The Ya-Ya Plaintiffs allege that the Emeralds made misrepresentations and induced them to provide the Emeralds with approximately $3.25 million to invest in a contemplated cannabis business – a planned merger of various entities and investors that never came to fruition. *Id.* Based on those facts, the Ya-Ya Plaintiffs assert six causes of action for (1) Fraud, (2) Civil Conspiracy, (3) Conversion, (4) Money Had and Received, (5) Negligent Misrepresentation, and (6) Concealment. *Id.* While the *Ya-Ya Holdings* complaint names Humboldt and 4GN as defendants, it asserts no contract claims, nor does it seek resolution of the Note.

On February 9, 2021, 4GN and its principals Kevin Walsh and Ryan Walsh filed a cross-complaint in the *Ya-Ya Holdings* case. They assert a single claim for declaratory relief against (1) YA-YA Holdings, LLC, (2) MLM Mafia of Nevada, Inc., (3) Power Direct Marketing, Inc., (4) Jason Caramanis, (5) Ya-Ya Legacy Trust, (6) Platinum Brands, Inc., and newly named entity,

(7) SoCal Building Ventures, LLC. Def. Mot. Ex. 3 (#13-1). The cross claim seeks a declaration of the rights and obligations of the parties as to the funds; specifically:

> a Declaration that the transfers of money and funds referenced in Plaintiffs' Complaint were to fund the Loan Agreement between HUMBOLDT and SOCAL, and that Cross-Complainants are only obligated to pay back HUMBOLDT for any funds received pursuant to the Scheduled Use of Funds.

None of the claims or the cross claims in the *Ya-Ya Holdings* case are brought between 4GN and Humboldt, and the Note entered into by these two parties is not at issue.

## LEGAL STANDARD

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 at 814. (1976) ("*Colorado River*") "Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *See id.*

In *Colorado River*, the Supreme Court recognized that abstention is only appropriate: (i) "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law;" (ii) "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;" or (iii) "where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* at 814-817. The Supreme Court also recognized that there are "principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which

govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Id.* at 817. "These principles rest on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (internal citations omitted). However, generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction []" and federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Id.* Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting abstention must be "exceptional." *Id.* at 818; *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (holding that circumstances warranting a stay under the *Colorado River* doctrine are "exceedingly rare").

## DISCUSSION

**I.   Abstention under the Colorado River doctrine is not appropriate in this case.**

Plaintiff Humboldt brings breach of contract claims against defendant 4GN for failing to make payments under the Note memorializing the loans between the parties. The *Ya-Ya Holdings* case in California state court involves claims of fraud, conversion, and civil conspiracy. None of the claims, in either case, present federal constitutional issues, difficult questions of state law, or potential conflicts with state criminal proceedings.

Similarly, while the origination of the claims may spring from related sets of facts and circumstances, the specific claims themselves do not overlap. The promissory Note in this case is not at issue in the *Ya-Ya Holdings* case, and this case does not involve claims of fraud or inducement. Thus, the issues do not implicate considerations of the conservation of judicial

resources or comprehensive disposition of litigation. While 4GN may be concerned about potential liabilities in both cases, being found liable for fraud is not the same thing as being liable for breach of contract, and merely because both claims deal with the same pot of money does not mean that 4GN will be found doubly liable for the same funds. From a purely logical standpoint, damages for each claim would be separate, even if both claims were brought in the same case, which they are not.

Moreover, the inclusion of 4GN's cross claim in the *Ya-Ya Holdings* case, which seeks to determine the rights of the parties vis-à-vis the Loan Agreement, will not impact the resolution of this case in any way. The Cross-Complaint specifically asks for a determination that 4GN and the Walsh brothers should "only be obligated to pay back Humboldt" for the funds they received from Humboldt. Whether the California state court grants that request or not does not change this Court's ability to determine if 4GN has or has not actually met its obligation under the Note to pay Humboldt back those funds. They are completely separate determinations.

Finally, "exceptional circumstances" do not exist warranting abstention in this case. The *Colorado River* doctrine and its progeny provide a multi-pronged test for determining whether "exceptional circumstances" exist warranting federal abstention from concurrent federal and state proceedings. *See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841-42 (9th Cir. 2017). Specifically, courts consider: (1) whether the state court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; and (7) the desire to avoid forum shopping. *Id.* The factors are to be "heavily weighted in favor of the exercise of

jurisdiction" and "a strong presumption against federal abstention." *Id*. at 842. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

The parties concede the first two prongs of the exceptional circumstances test are not at issue here because there is no property at stake, and no inconvenience caused by the federal forum. The other prongs are either neutral or they weigh against a stay. The Court is certainly inclined to avoid piecemeal litigation, but as discussed above, the claims in each proceeding do not overlap, and a resolution of the claims in one case will not impact the claims in the other. This factor weighs against a stay. For the same reason, the order in which the two forums obtained jurisdiction is not relevant to the analysis, and this factor is neutral.

The sixth factor considers whether the state court proceedings can adequately protect the rights of the federal litigants. The Court agrees with Plaintiff that this factor is more relevant when it weighs against abstention. As there is no evidence that the state court proceedings can or cannot adequately protect the rights of the litigants to this case, this factor is neutral.

The final factor to avoid forum shopping does not call for a stay. While it is theoretically possible that Humboldt could have brought its breach of contract claims against 4GN in a cross complaint in the *Ya-Ya Holdings* case, there is no indication that the filing of this case in federal court was improper. Humboldt, a California entity, sued 4GN, an Oregon entity, under diversity jurisdiction. Filing the action in Oregon makes sense, as there is no question that 4GN is subject to personal jurisdiction in this District. The purpose of diversity jurisdiction is to avoid any prejudice that an Oregon state court might have against an out of state litigant. The "exceptional circumstances" necessary for the Court to abstain or to stay this case pending the outcome of the *Ya-Ya Holdings* litigation do not exist.

## ORDER

The motion to stay (#13) is denied. The parties shall file a Joint Status Report and Proposed Case Schedule within fourteen (14) days of this Order.

DATED this \_\_\_23\_\_\_ day of September, 2022.

_____
MARK D. CLARKE
United States Magistrate Judge